IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 96-CR-64  JEC

TOBY BEGAY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *United States' Opposed Motion to Modify the Defendant's Conditions of Supervision and Request for an Expedited Hearing* (Doc. 27), filed March 1, 2010 ("Motion").  The court, having reviewed the parties' submissions and heard oral argument at a hearing held March 10, 2010, finds the Motion is well-taken and GRANTS the Motion.

**I.    BACKGROUND**

Defendant Toby Begay was convicted of aggravated sexual abuse in Indian Country and sentenced back in 1996 to 136 months in prison, followed by 60 months of supervised release. *Motion* at 1; *Resp.* at 2.  The following special conditions of supervised release were imposed:

> 1.    The defendant shall participate as directed in a program for substance abuse approved by the U.S. Probation Office, which may include testing to determine whether the defendant has reverted to the use of alcohol.
> 2.    The defendant is prohibited from possessing or consuming alcoholic beverages.
> 3.    The defendant shall participate in a sex offender treatment program as directed and approved by the U.S. Probation Office.

*Resp.* at 3.

Since his release from prison, Mr. Begay has lived in a halfway house, where he is reportedly in full compliance with rules and all conditions of his supervised release. *Id.* The Government nonetheless seeks to impose additional conditions of supervised release, as follows:

1. The defendant will grant a limited waiver of his right of confidentiality and any records of mental health treatment imposed as a consequence of this judgment and allow the treatment provider to provide information to the probation officer, and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer will disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment providers.
2. The defendant must participate in sex offender treatment and submit to risk assessment testing, clinical polygraph testing, and other specific sex offender tests, as directed by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.
3. The defendant must not possess any materials including images, books, writing, drawings, videos, or video games depicting sexually explicit conduct or child pornography as defined in 18 U.S.C. 2256(2) and 2256(8).
4. The defendant must submit to a search of person, property, vehicles, business, computers and residence to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit material at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.
5. The defendant must not have contact with children under the age of 18 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer.
6. The defendant shall have no contact with the

victims in this case.

*Motion* at 1-2.  Defendant consents to the imposition of all the proposed new conditions except for the requirement that he submit to polygraph testing.  *Resp.* at 4.

As to the matter of polygraph testing, Defendant argues first that the Government does not have authority to modify a previously imposed sentence absent statutory authority.  *Id.* Recognizing that the Government relies upon 18 U.S.C. § 3583(e)(2) as the statutory basis for the proposed modification, the Defendant argues that new or unforeseen circumstances warranting the modification must exist.  *Id.* at 4 (citing *United States v. Smith*, 445 F.3d 713, 717 (3rd Cir. 2006); *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997); and *United States v. Briones-Garza*, 680 F.2d 417, 424 (5th Cir. 1982)).  The Government's second argument against polygraph testing stems from its alleged inherent unreliability.  *Resp.* at 6.

## II.   LEGAL STANDARD

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court "may modify, reduce or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."  18 U.S.C. § 2583(e)(2).

Federal Rule of Criminal Procedure 32.1 pertains to "revoking or modifying probation or supervised release."  As to modification, Rule 32.1(c) provides generally that a court must hold a hearing prior to modifying conditions of probation or supervised release.  Fed.R.Crim.P. 32.1(c)(1).  There are exceptions, including cases in which the defendant waives the hearing. Fed.R.Crim. P. 32.1(c)(2).  No more specific requirements are identified.

3

As far as the provisions applicable to the initial terms and conditions set for supervision, 18 U.S.C. § 3583(d) provides that conditions of supervised release may be ordered to the extent that they: (1) are reasonably related to the 28 U.S.C. § 3553(a) factors, (2) involve no greater deprivation of liberty than is reasonably necessary, and (3) are consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d); *United States v. Hahn*, 551 F.3d 977, 983 (10th Cir. 2008). Defendant's attorneys have not argued that the proposed new conditions could not have been imposed initially. The Government, for its part, states that these conditions (including the polygraph testing) are routinely imposed in sex offender cases not just in New Mexico but all over the United States.

### III.   DISCUSSION

Given the Defendant's consent, the Court grants the Government's Motion in so far as it seeks to impose all proposed new conditions other than polygraph testing.

### A.   The Factors Set Forth at 28 U.S.C. § 3553(a) Support Polygraph Testing as a Condition of Defendant's Supervised Release.

Factors relevant to the Court's analysis of polygraph testing as a condition of Defendant's release include: the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for the sentence in terms of reflecting the seriousness of the offense, providing just punishment, affording adequate deterrence, protecting the public, and providing Defendant with effective correctional treatment. 28 U.S.C. § 3553(a).

In this case, Defendant pled guilty to the serious crime of aggravated sexual abuse. While on pre-trial release, Defendant assaulted members of his family, including the daughter he pled guilty to abusing, with a gun. The nature and circumstances of the offense therefore counsel in favor of more extensive conditions for supervised release. Moreover, according to the

Government, other individuals convicted of similar crimes face the exact same conditions of supervision. Thus, Defendant's sentence should be modified to reflect the seriousness of the offense and to provide just punishment among similar offenders. The polygraph testing element of these conditions is part of prescribed sex offender treatment and is, as counsel for the Government pointed out at the hearing, just one of many tools that treatment providers can use to assess and treat Defendant as part of his rehabilitation. As such, polygraph testing would serve the purpose of providing effective correctional and rehabilitative treatment. While the Court notes the significant reliability problems with polygraph testing, polygraph testing in this context would serve the purposes of sentencing.

      **B.**    **The Court Has Authority to Impose Polygraph Testing as a Condition of Defendant's Supervised Release.**

Defendant contends that the Court lacks authority to impose this condition, arguing that "[n]ew or unforeseen circumstances that warrant the modification must arise following the imposition of sentence." *Resp.* at 4. Although there is no language regarding new or unforeseen circumstances in the statute governing modification of conditions, 18 U.S.C. § 3583(e), the Court notes that case law from other circuits concerning such modification references new or unforeseen conditions as a precursor to modification. *See, e.g., United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997) ("Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term *in order to account for new or unforeseen circumstances*" (emphasis added)). Indeed, Defendant notes that courts outside of the Tenth Circuit require that defendants show new circumstances in order to obtain modifications that are favorable to them. *See, e.g.,United States v. Weintraub*, 371 F. Supp. 2d 164 (D. Conn. 2005).

Advisory Committee Notes to Fed.R.Crim.P. 32.1, concerning modification of probation or supervised release, state that "[p]robation conditions should be subject to modification, for the sentencing court must be able to respond to changes in the probationer's circumstances *as well as new ideas and methods of rehabilitation*." Fed.R.Crim.P. 32.1(b) (emphasis added). Along these lines, the Government notes "tremendous advancement over the last few years in the monitoring and rehabilitation of sex offenders during supervised release," which "provide support for now adding these additional conditions of supervision, including polygraph testing." *Reply* at 4. Thus, even if new circumstances are required for modification of Defendant's sentence, the Government argues that such circumstances exist. The Court agrees and will therefore impose polygraph testing as a condition in addition to the other conditions Defendant has already accepted.

### C. Polygraph Testing Is Neither Too Unreliable Nor Unrelated to the Purposes of Sentencing to Impose It As A Condition of Supervised Release.

Defendant's second argument against polygraph testing as a condition of his supervised release is that polygraph testing is unreliable, not reasonably related the purposes of sentencing, and involves a greater deprivation of liberty than necessary. *Resp.* at 6. Whereas the polygraph is undisputedly too unreliable to use in Court as evidence of guilt or innocence, the Government is not seeking to admit the results of any of Defendant's polygraph tests in court. As such, the Court finds no evidence that polygraph testing imposes a greater deprivation of liberty than reasonably necessary to deter him from further criminal conduct or protect the public.

## IV. CONCLUSION

The *United States' Opposed Motion to Modify the Defendant's Conditions of Supervision and Request for an Expedited Hearing* (Doc. 27), filed March 1, 2010 ("Motion") is GRANTED.

IT IS THEREFORE ORDERED that the requested additional conditions of supervised release, including polygraph testing, will be imposed.

Dated March 15, 2010.

s/John Edwards Conway
_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Shana Pennington, AUSA
Albuquerque, NM

Counsel for Defendant Beth Reich:

Joseph W. Gandert, AFPD
Albuquerque, NM